UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAVIO ROMULO-PALOMINO (A-Number: 221-492-600), <br><br> Petitioner, <br><br> v. <br><br> WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*, <br><br> Respondents. | Case No.  2:26-cv-00645-KES-CDB (HC) <br><br> FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DENY RESPONDENTS' MOTION TO DISMISS <br><br> (Docs. 1, 6, 9) <br><br> **7-Day Objection Period** |

**Background**

Petitioner Flavio Romulo-Palomino ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action on March 2, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  At the time of the filing of the petition, Petitioner was in custody of Immigration and Customs Enforcement ("ICE") at the California City Correctional Center.  *Id*. at 1.  Petitioner filed a motion for temporary restraining order ("TRO") that same day.  (Doc. 2).  The Court directed Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in similar cases.  (Doc. 5).

On March 4, 2026, Respondents filed a response to the order to show cause and a motion to dismiss certain Respondents.  (Docs. 6, 7).  On March 8, 2026, the Court converted the motion

1

for TRO into a motion for preliminary injunction, granted it, and ordered Respondents to release Petitioner immediately. (Doc. 9). The assigned district judge referred the matter to the undersigned for further proceedings. *Id*. at 3.

On March 11, 2026, the undersigned ordered Respondents to file either any supplemental briefing on the merits of the petition or a statement of intent to file no further briefing. (Doc. 10). Respondents thereafter filed a supplemental response to the petition in which they represent that, following the entry of a preliminary injunction, Petitioner has been released from detention. (Doc. 11 at 3). Respondents therefore contend that the Court should dismiss the petition as the "relief [Petitioner] requests can no longer be granted" and "no 'case or controversy' remains and the [p]etition is moot." *Id.* Petitioner did not file any optional traverse or opposition to the motion to dismiss and the time to do so has passed.

**Discussion**

**A.  The Petition Is Not Rendered Moot**

The undersigned first addresses Respondents arguments concerning mootness. As noted above, Respondents contend the Court should dismiss the petition as moot because the Court granted Petitioner the relief requested in the petition and Petitioner has been released from custody.

The undersigned finds that Petitioner's release from detention does not render this action moot. Specifically, the preliminary injunction granted in this action did not adjudicate Petitioner's petition on the merits. *See Gonzalez-Fuentes v. Warden*, No. 2:26-cv-00660-DAD-CSK, 2026 WL 915041, at *2 (E.D. Cal. Apr. 3, 2026) ("If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief.") (citing *Im v. Semaia*, No. 5:25-cv-2733-JAK (Ex), 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026)); *Phan v. Becerra*, No. 2:25-cv-1757-DC-JDP, 2026 WL 622201, at *2-3 (E.D. Cal. Mar. 5, 2026) (recommending motion to dismiss be denied as "respondents have not satisfied their 'heavy burden of establishing that there is no effective relief remaining for a court to provide.'") (citing *GATX/Airlog Co. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 192 F.3d 1304, 1306 (9th Cir. 1999)), *recommendation adopted*, 2026 WL 927930, at *1 (E.D. Cal. Apr. 3, 2026); *Cruz v. Lyons*, No. 5:25-cv-02879-MCS-MBK, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) ("This Order

2

[granting a preliminary injunction] and the Court's temporary restraining order do not adjudicate [p]etitioner's 28 U.S.C. § 2241 petition on the merits. … A habeas petition is not moot where preliminary relief is not made permanent.") (citing *Nielsen v. Preap*, 586 U.S. 392, 403 (2019)); *Martinez v. Wamsley*, No. 2:25-cv-01822-TMC, 2025 WL 2899116, at *3 (W.D. Wash. Oct. 10, 2025) ("[T]he temporary relief granted to the three Petitioners does not moot their underlying application for a writ of habeas corpus.").

Therefore, because the undersigned finds it necessary to address Petitioner's petition on the merits, the undersigned will recommend that Respondents' request to dismiss as moot be denied.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The undersigned finds that, for the reasons addressed in the Court's order granting a preliminary injunction—that Respondents submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Court's order to show cause (*see* Doc. 5) where a petitioner under similar circumstances as Petitioner here was awarded relief and Respondents do not raise any new arguments—the petition should be granted. *See* (Doc. 9).

**B. Motion to Dismiss**

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024).

The Ninth Circuit in *Doe* held that "Padilla set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe*, 109 F.4th at 1197. The Ninth Circuit also held that, when a "habeas petitioner challenges a form of 'custody' other than present physical confinement, the respondent can be the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.* at 1192 n.2 (quotation marks omitted;

3

citing *Padilla*, 542 U.S. at 438).

As Petitioner has named his immediate custodian as a Respondent and the undersigned recommends the petition be granted and an injunction be entered regarding future re-detainment of Petitioner by Respondents, the undersigned will recommend that the Court deny Respondents' motion to dismiss (Doc. 6).

**Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.

2. Respondents' motion to dismiss (Doc. 6) be DENIED.

3. The Clerk of the Court be DIRECTED to enter judgment in favor for Petitioner and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

///

///

4

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 15, 2026**    _____
UNITED STATES MAGISTRATE JUDGE