UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAVIO ROMULO-PALOMINO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-00645-KES-CDB (HC)<br><br>A-Number: 221-492-600<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, DENYING RESPONDENTS' MOTION TO DISMISS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 1, 6, 13 |

Petitioner Flavio Romulo-Palomino, a former immigration detainee, challenged his detention with a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See generally* Doc. 1. Petitioner moved for a temporary restraining order. Doc. 2. The Court converted the motion into one for a preliminary injunction, granted the preliminary injunction, and ordered Respondents to release Petitioner. The Court referred the matter to the magistrate judge for further proceedings. Doc. 9.

On May 15, 2026, the magistrate judge issued findings and recommendations to deny the respondents' pending motion to dismiss and grant the petition. Doc. 13. The Court served the findings and recommendations on the parties and notified them that any objections were due within seven days. *Id.* at 4. Respondents did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review.  Having carefully reviewed the entire matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis.  The Court ORDERS:

1.    The findings and recommendations issued on May 15, 2026 (Doc. 13), are ADOPTED in full.

2.    Respondents' motion to dismiss (Doc. 6) is DENIED.

3.    The petition for writ of habeas corpus is GRANTED.

4.    If the government seeks to re-detain Petitioner Flavio Romulo-Palomino (A-Number: 221-492-600), the government SHALL hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.[1]

5.    The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:    June 2, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

2